IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fred Carswell, III, #63439-004, | Civil Action No.: 4:17-1231-BHH |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| G. Ramierz, Warden, F.C.I. Williamsburg, | |
| Respondent. | |

Fred Carswell, ("Petitioner"), proceeding *pro se*, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Thomas E. Rogers for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Rogers recommends that this action be dismissed with prejudice and without requiring Respondent to file a return, as successive and unauthorized. (ECF No. 12 at 6.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action challenging his conviction for participation in a drug distribution conspiracy that involved at least 35 grams but less than 50 grams of cocaine base. Petitioner previously filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the United States District Court for the Southern District of Florida, which was denied on January 17, 2008. Petitioner subsequently filed a second motion to vacate pursuant to § 2255 despite the United States Court of Appeals for the Eleventh Circuit's denial of his application for leave to file a successive motion. The District Court for the Southern

District of Florida dismissed the civil action associated with that second motion to vacate for lack of jurisdiction on December 30, 2016. In the instant case, Petitioner filed his § 2241 petition on May 11, 2017. (ECF No. 1.) On July 24, 2017, the Magistrate Judge issued a Report (ECF No. 12), and on August 4, 2017, Petitioner filed his objections (ECF No. 19). The Court has reviewed the record, the relevant law, and the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

The Magistrate Judge found that this action is subject to summary dismissal because Petitioner has not demonstrated by factual explanation that he is actually

innocent and has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence thereby allowing him to file a § 2241 petition.[1] *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). Petitioner filed objections to the Report, which the Court will now address.

First, Petitioner argues that he is entitled to challenge his conviction via a § 2241 petition because § 2255 provides an inadequate or ineffective avenue for relief "when petitioner claims to be legally innocent of crime of which convicted and he has never had unobstructed procedural shot at presenting claim." (*See* ECF No. 19 at 4-5 (errors in original).) It is unclear to the Court exactly what Petitioner is claiming through this line of argument. However, it is readily apparent that Petitioner misunderstands the conditions predicate that must be satisfied before he can challenge his conviction by way of a § 2241 petition. Petitioner's first objection is without merit and is overruled.

Second, Petitioner objects to the Magistrate Judge's conclusion that Petitioner has failed to satisfy the savings clause of § 2255 because he cannot demonstrate the criteria necessary to show that § 2255 is inadequate or ineffective to test the legality of his detention as set forth in *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Petitioner states:

> Thus, the Petitioner does not rely on a new rule or some change made retroactive. Rather, the Petitioner seeks the correction of a grave fundamental miscarriage of justice because he now sits in a federal prison serving a 360-months term of imprisonment after being tried by a jury, convicted, and sentenced based on an indictment that a Grand Jury handed down for an individual by the name "Fred Carswell, Jr., i.e., (petitioner's father).

(ECF No. 19 at 5-6 (errors in original).) Here, Petitioner is rehashing an argument

---
[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

already raised at trial and on direct appeal, and rejected by the Eleventh Circuit in affirming Petitioner's conviction. *See U.S. v. Carswell*, 178 F. App'x 1009 (11th Cir. 2006).[2] Petitioner's attempt to capitalize on a ministerial error by vacuously asserting that prosecution of the offenses in question was intended to be directed toward his father is without merit and this objection is overruled.

Third, Petitioner objects to the Magistrate Judge's conclusion that he has not set forth an actual innocence claim, and asserts that he "has demonstrated by a very detailed factual explanation that he is actually innocent." (ECF No. 19 at 6-7.) However, this conclusory assertion merely incorporates the same baseless theory that a ministerial error on the indictment somehow exculpates Petitioner for his criminal conduct proven at trial. (*See id.*) The objection is overruled.

After *de novo* review, the Court agrees with the cogent analysis by the Magistrate Judge, and because that analysis evinces no error, the Court need not discuss the same issues for a second time here.

## CONCLUSION

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections, and adopts and incorporates by reference the Magistrate Judge's Report herein. It is therefore

ORDERED that Petitioner's § 2241 petition is DISMISSED with prejudice and without requiring Respondent to file a return. It is further

ORDERED that Petitioner's motion to amend (ECF No. 23) is denied as moot.

---

[2] At trial, the court raised the issue that the indictment erroneously identified the defendant as "Fred Carswell, Jr.," when his name was actually Fred Carswell, III. The parties submitted authority on the subject and the court used the name "Fred Carswell, III" on the jury instructions and verdict form. Moreover, the trial court noted in its written judgment that the defendant's true name was "Fred Carswell, III." *See Carswell*, 178 F. App'x at 1011 n.1.

4

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

May 15, 2018
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.